1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RHONDA JEAN ZUNIGA,

      Plaintiff,

  v.

MICHAEL J. ASTRUE,

Commissioner of
Social Security,

      Defendant.

                                    /

No. C 10-4823 CRB

**ORDER DENYING APPLICATION
FOR FEES**

      In this case, Plaintiff appealed the Social Security Administration's (SSA's) denial of Plaintiff's application for disability insurance benefits. See generally Compl. (dkt. 1). On February 14, 2012, the Court granted in part Plaintiff's motion for summary judgment (and denied the Commissioner's cross-motion for summary judgment), remanding the case to the SSA for further administrative proceedings. See Order Granting MSJ (dkt. 31). Now before the Court is Plaintiff's Application for an Award of Attorney[s'] Fees and Costs Under 28 U.S.C. § 2412(d) (dkt 33). The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and VACATES the hearing currently set for Friday, June 22, 2012.

      Under the Equal Access to Justice Act ("EAJA"), a plaintiff who prevails in litigation

against the United States is entitled to attorneys' fees, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Here, there is no dispute that Plaintiff is the prevailing party; the question is only whether the government's position was substantially justified. The Court finds that it was.

The substantial justification inquiry asks "two questions: first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988). The SSA bears the burden of showing that its decision to deny benefits was substantially justified "to a degree that could satisfy a reasonable person." See Pierce v. Underwood, 487 U.S. 552, 565 (1988).

Importantly, the Court reviewed the ALJ's decision in light of materials submitted to the Appeals Council which were never viewed or considered by the ALJ. Order Granting MSJ at 5. The Court found that the ALJ's decision was supported by substantial evidence based on the record before him, but that "[i]n light of the new evidence," the ALJ's decision insufficiently addressed the treatment notes and physician opinions, and might have unfairly assessed Plaintiff's credibility as to her subjective pain. Id. at 18. The Court did not find that the new materials conclusively established that Plaintiff was disabled, only that remand was appropriate to allow the ALJ to consider Plaintiff's case with the benefit of the new materials. See id. at 19. In the Court's mind, it remains an open question whether Plaintiff was disabled. Accordingly, the government was substantially justified in taking its original action, denying benefits.

The government was also substantially justified in defending its denial of benefits in this Court. The government argued at summary judgment that the new evidence that Plaintiff (and subsequently, the Court) relied on was not material and that Plaintiff had not demonstrated good cause why she had not introduced it in the proceeding before the ALJ. See Def. MSJ (dkt. 29). The Court obviously disagreed, see Order Granting MSJ at 18-19, but the government's position was not unreasonable. Moreover, the government argues now

United States District Court
For the Northern District of California

that some of the new material included opinions generated after the ALJ's adverse determination, which were therefore entitled to less weight.  <u>See</u> Opp'n to Fee Motion (dkt. 35).  Although the Court found that there was nonetheless "a reasonable probability that the letters and treatment notes would have changed the outcome of the Step Four RFC determination," <u>see</u> Order Granting MSJ at 19, the government was substantially justified in arguing that the new evidence did not necessitate remand.

Because the government has met its burden of showing that its actions were substantially justified, Plaintiff is not entitled to fees under the EAJA, and the Application is DENIED.

**IT IS SO ORDERED.**

Dated: June 18, 2012

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California