IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA JEAN ZUNIGA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br><br>Commissioner of<br>Social Security,<br><br>    Defendant. | No. C 10-4823 CRB<br><br>**ORDER DENYING APPLICATION FOR FEES** |

In this case, Plaintiff appealed the Social Security Administration's (SSA's) denial of Plaintiff's application for disability insurance benefits. See generally Compl. (dkt. 1). On February 14, 2012, the Court granted in part Plaintiff's motion for summary judgment (and denied the Commissioner's cross-motion for summary judgment), remanding the case to the SSA for further administrative proceedings. See Order Granting MSJ (dkt. 31). Now before the Court is Plaintiff's Application for an Award of Attorney[s'] Fees and Costs Under 28 U.S.C. § 2412(d) (dkt 33). The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and VACATES the hearing currently set for Friday, June 22, 2012.

Under the Equal Access to Justice Act ("EAJA"), a plaintiff who prevails in litigation

1 against the United States is entitled to attorneys' fees, "unless the court finds that the position
2 of the United States was substantially justified or that special circumstances make an award
3 unjust." 28 U.S.C. § 2412(d)(1)(A). Here, there is no dispute that Plaintiff is the prevailing
4 party; the question is only whether the government's position was substantially justified.
5 The Court finds that it was.

6     The substantial justification inquiry asks "two questions: first, whether the
7 government was substantially justified in taking its original action; and second, whether the
8 government was substantially justified in defending the validity of the action in court." Kali
9 v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988). The SSA bears the burden of showing that its
10 decision to deny benefits was substantially justified "to a degree that could satisfy a
11 reasonable person." See Pierce v. Underwood, 487 U.S. 552, 565 (1988).

12     Importantly, the Court reviewed the ALJ's decision in light of materials submitted to
13 the Appeals Council which were never viewed or considered by the ALJ. Order Granting
14 MSJ at 5. The Court found that the ALJ's decision was supported by substantial evidence
15 based on the record before him, but that "[i]n light of the new evidence," the ALJ's decision
16 insufficiently addressed the treatment notes and physician opinions, and might have unfairly
17 assessed Plaintiff's credibility as to her subjective pain. Id. at 18. The Court did not find that
18 the new materials conclusively established that Plaintiff was disabled, only that remand was
19 appropriate to allow the ALJ to consider Plaintiff's case with the benefit of the new
20 materials. See id. at 19. In the Court's mind, it remains an open question whether Plaintiff
21 was disabled. Accordingly, the government was substantially justified in taking its original
22 action, denying benefits.

23     The government was also substantially justified in defending its denial of benefits in
24 this Court. The government argued at summary judgment that the new evidence that Plaintiff
25 (and subsequently, the Court) relied on was not material and that Plaintiff had not
26 demonstrated good cause why she had not introduced it in the proceeding before the ALJ.
27 See Def. MSJ (dkt. 29). The Court obviously disagreed, see Order Granting MSJ at 18-19,
28 but the government's position was not unreasonable. Moreover, the government argues now

that some of the new material included opinions generated after the ALJ's adverse determination, which were therefore entitled to less weight. See Opp'n to Fee Motion (dkt. 35).  Although the Court found that there was nonetheless "a reasonable probability that the letters and treatment notes would have changed the outcome of the Step Four RFC determination," see Order Granting MSJ at 19, the government was substantially justified in arguing that the new evidence did not necessitate remand.

Because the government has met its burden of showing that its actions were substantially justified, Plaintiff is not entitled to fees under the EAJA, and the Application is DENIED.

**IT IS SO ORDERED.**

Dated: June 18, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE